People v Calderon

2026 NY Slip Op 03122

May 19, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,

v

Rolando Calderon, Appellant.

Decided and Entered: May 19, 2026

SCI. No. 00705/16|Appeal No. 6659|Case No. 2023-05052|

Before: Moulton, J.P., Scarpulla, Kapnick, Shulman, Michael, JJ.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Nicole P. Geoglis of counsel), for appellant.

Darcel D. Clark, District Attorney, Bronx (Gamaliel Marrero of counsel), for respondent.

[*1]

Order, Supreme Court, Bronx County (Raymond L. Bruce, J.), entered on or about August 30, 2023, which adjudicated defendant a level two sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.

Defendant has presented no basis warranting the exercise of this Court's discretion to grant him a downward departure (see People v Gillotti, 23 NY3d 841, 861 [2014]). The mitigating factors cited by defendant were adequately taken into account by the risk assessment instrument (see e.g. People v Perez, 226 AD3d 487, 487 [1st Dept 2024], lv denied 42 NY3d 905 [2024]; People v Bevel, 224 AD3d 430, 431, [1st Dept 2024], lv denied 42 NY3d 902 [2024]; People v Mills, 220 AD3d 548, 548-549 [1st Dept 2023], lv denied 41 NY3d 908 [2024]). Although an exceptional response to sex offender treatment may qualify as a mitigating factor not already accounted for by the instrument, the evidence of defendant's positive participation in sex offender treatment shows, at best adequate and consistent participation that met the program's minimum requirements (see People v Santos, 242 AD3d 528, 528 [1st Dept 2025]).

In any event, a downward departure is unwarranted as the alleged mitigating factors were outweighed by the seriousness of the underlying course of sexual conduct committed against a young child (see People v Seda, 242 AD3d 517, 518 [1st Dept 2025], lv denied 45 NY3d 902 [2026]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 19, 2026